PHINNEY & MARTIN *v.* STAFFORD MANN, Town Treasurer.

Where a written contract stipulates for the performance of an impossibility, it is unnecessary to prove a waiver or abandonment of such contract, in order to enable the plaintiffs to recover upon a different verbal contract.

Where it was proved that a majority of a committee, appointed to act on the part of a town, met, and professing to act as a committee, entered into a contract, the omission to charge the jury that such contract should have been made at a formal meeting of the committee, which meeting should be proved by the plaintiffs, is not a ground for a new trial.

Whether a contract so formed be not *prima facie* evidence that the meeting was duly notified, or whether the matter of notice is not *res inter alios* as to the contractors and therefore a question to be settled between the town and the committee—Quaere?

ASSUMPSIT.    The declaration alleges that Cyrus Arnold, Thomas J. Lapham and Daniel Hale, were appointed a committee by the town of Smithfield, to build a stone arch bridge over the Branch river at the Branch village, and that the committee by authority of said appointment did employ the plaintiffs to construct a stone arch bridge at the place mentioned, and proceeds to state the performance of the contract.    The defendant pleaded the general issue, and after verdict for the plaintiffs moved for a new trial upon reasons which are fully stated in the opinion of the Court.

D. DANIELS, for plaintiffs.

H. A. MANCHESTER, for defendant.

DURFEE, C. J.—On the motion for a new trial in this case, it is contended that the defendant is entitled to a new trial.

*First.*    Because there was a special contract in said case signed by the three persons appointed by said town of Smithfield a committee, for the purpose of contracting

for the building of the bridge in the plaintiff's declaration mentioned, which was the contract upon which said work was commenced, and the plaintiffs in their declaration set forth a contract other than said written contract, and did not prove that said written contract was waived or abandoned by the members of said committee, when all the members were met together. The answer of the counsel for the plaintiffs to this reason appears to be conclusive. Owing to the mathematical properties of the arch and the relation of the abutments to each other, the construction of the arch, which the contract required, was impossible. The contract could not be completed within its own terms—it was in contradiction with its own requirements and therefore void in itself. It could not be abandoned, since in contemplation of law it never existed. But if this answer be conclusive as to the first reason, it is equally so as to the second, which is that the Court admitted evidence of the declaration of individual members of said committee to pass to the jury, for the purpose of proving an abandonment of the said written contract.

This evidence might have been irrelevant and unnecessary, but admission of it for the purpose of proving the abandonment of a contract, that was void at its inception, can afford no reason for granting a new trial.

The third reason is, that the Court omitted to instruct the jury that a meeting of the committee was necessary to change or abandon the contract, and the plaintiffs must prove such meeting, or that the consent of all the committee must be shewn.

In as far as this reason relates to the abandonment of the supposed contract, no charge was necessary. In as far as it relates to the adoption of the new contract, or rather the contract which was sued, the Court omitted to

charge the jury—but then the omission occurred after the counsel on both sides had been requested to state, whether any omission had been made in the charge, or whether they desired any particular direction to be given to the jury, and even after a particular direction had been given, at the instance of one of the counsel for the defendant. Yet if any thing had been omitted injurious to the rights of the defendant, the Court will certainly do whatever it may, consistently with the rules for granting new trials, to give the relief sought for. Was any thing then omitted in the charge, of which the defendant might avail himself with the hope of a different result on the point now in question.

The reason is founded upon the idea, that the plaintiffs were bound to prove a meeting of the committee, by which it is understood to be meant a formal meeting of two or more of the members, as a committee.

A committee takes character from the body which appoints it, and no one, it is supposed, will deny that a majority of this committee, when legally convened, might control its determinations and make contracts or change them, or that a majority constituted a quorum, and might legally act, in the absence of one of its members, he having been duly notified of the meeting. But if this be conceded, we may next inquire what are the facts in this case, as to the parties making the contract sued. Did the committee make it ? It was made by a majority of the members of the committee, professing to act as the committee, at the place where the bridge was to be constructed, and after the impossibility of the first arrangement had been demonstrated. It was made by a number competent to contract, under the vote of the town. The work went on in a public highway, in the town of Smith-

field, under the contract. No notice was given to the contractors of any want of form in the convention of the committee. With these facts before them, and in the absence of all proof on the part of the defendant—evidence peculiarly within his control, if he could have commanded it—of want of notice to the absent member, it is plain that the jury must have inferred, under any charge that could have been given them by the Court on this point, that due notice was given and that the contract was made by the committee properly convened. It might be a question, whether a majority of the members of a committee thus convened and avowedly acting as a committee, within the limits of their authority, be not of itself *prima facie* evidence, that all proper preliminary proceedings had been had to render it a meeting of the committee, at least, so far forth as to put the adverse party to the necessity of disproving the fact, or whether this matter of notice be not *res inter alios*, as to contractors, and, therefore, a question to be settled between the town and the committee.

With this view of the law and evidence, it is believed that substantial justice has been done and that no advantage would result to either party from a new trial.